*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DIANE SWIFT and ROBIN MODOCK,

        Plaintiffs-Appellees,

v

CITY OF DETROIT,

        Defendant-Appellant,

and

NIKEDA ABNER,

        Defendant.

UNPUBLISHED
November 21, 2023

No. 361454
Wayne Circuit Court
LC No. 21-004710-NI

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

BOONSTRA, J. (*dissenting*).

I respectfully dissent. I would reverse the trial court and remand for entry of an order granting summary disposition in favor of defendant City of Detroit (the city).

The majority is correct that evidence that a driver has violated a statute that imposes a legal duty, if unrebutted, may support a finding both of a legal duty and of negligence in the breach of that duty, *Randall v Michigan High School Athletic Ass'n*, 334 Mich App 697, 721; 965 NW2d 690 (2020). However, in this case, the only evidence plaintiffs presented regarding defendant Abner's alleged negligence was that they were injured when the bus stopped suddenly. "It is well settled that, absent evidence of other negligence pertaining to the operation of a bus, a plaintiff bus passenger may not recover for injuries sustained when the bus suddenly stopped." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 437; 824 NW2d 318 (2012) (citations omitted). Moreover, the mere fact that an injury occurred does not, itself, indicate that negligent conduct occurred. *Id.* Finally, mere evidence of a violation of a statute does not establish "whether the violation had a causal connection to the claimed injury." *Randall*, 334 Mich App at 721.

The trial court held that plaintiffs had established at least a question of fact regarding whether Abner had exceeded the posted speed limit at the time of or shortly before the accident. However, contrary to plaintiffs' argument on appeal, the record does not show that the trial court gave any credence to the plaintiffs' estimates of the bus's speed as 50 or 55 mph—indeed, the trial court explicitly stated that "the statement that [Abner] was driving 50 miles an hour [sic] is just pure speculation." I agree with the trial court's assessment of plaintiffs' estimates. Even viewed in the light most favorable to plaintiffs, *Moraccini*, 296 Mich App at 391, plaintiffs' testimony does not establish a genuine issue of material fact. Plaintiffs admitted during their depositions that their estimates were based on a mere feeling that the bus was moving faster than usual. Mere speculation and conjecture does not establish a genuine issue of fact. See *Hall v Consolidated Rail Corp*, 462 Mich 179, 187; 612 NW2d 112 (2000).

Plaintiffs did submit documentary evidence that Abner herself had reported her speed as 35 mph. The trial court appears to have based its holding on that documentary evidence in concluding that "[r]easonable minds could differ as to whether the bus driver was negligent such that the accident could have been avoided if she was driving the speed limit." However, the trial court never received any evidence regarding the posted speed limit at the site of the accident; nor does it appear that the trial court took judicial notice of the speed limit. Although the majority states that the city "failed to refute" plaintiffs' claim that the speed limit was 30 mph, I note that plaintiffs merely represented in their reply brief and at the motion hearing that the posted speed limit was 30 mph. Consequently, plaintiffs failed to fully support their claim of duty and breach with any evidence supporting a conclusion that Abner was exceeding the posted speed limit; that error alone requires reversal. See *Randall*, 334 Mich App at 721.

More significantly, even assuming for the purposes of this analysis that the trial court correctly found a genuine issue of material fact regarding whether Abner had breached a legal duty by exceeding the posted speed limit by 5 mph,[1] the trial court nonetheless erred by denying the city's motion for summary disposition. That is because plaintiffs failed to establish a prima facie case that their injuries resulted from Abner's alleged negligent operation of a motor vehicle.

Plaintiffs presented absolutely no evidence that Abner's allegedly negligent conduct was the factual cause of the accident and their injuries. To establish factual causation, a plaintiff must establish that, more likely than not, but for the defendant's conduct, a plaintiff's injuries would not have occurred. *Patrick v Turkelson*, 322 Mich App 595, 616; 913 NW2d 369 (2018). Alleging only that they were injured by falling when the bus stopped suddenly as a result of the collision, plaintiffs theorize that Abner would have been able to stop in time to avoid the other vehicle if she

---

[1] The majority states that the city conceded at oral argument on appeal that Abner was driving 35 in a 30 mph zone. This is simply incorrect. Counsel for the city argued at length that *even assuming* that plaintiffs were correct that Abner was speeding, summary disposition was appropriate because plaintiffs had failed to prove causation. It is clear from context that counsel for the city was arguing that even if plaintiffs had sufficiently established that Abner was speeding, there was no proof of causation; I do not find in that argument a stipulation that Abner was exceeding the speed limit at the time of the accident.

had been driving more slowly; however, plaintiffs both admitted during their depositions that they did not see how the accident occurred, and they offer this theory as pure speculation. Plaintiffs presented no evidence to contradict Abner's deposition, in which she stated that an SUV overtook the bus on its left side and suddenly turned in front of the bus, leaving her no time to avoid the collision.[2] Abner also testified that she was not ticketed by the police and that she underwent drug screening—the results of which were negative—immediately after the accident.

On this record, plaintiffs' theory regarding causation was mere speculation, based solely on the fact that an accident had occurred. See *Patrick*, 322 Mich App at 617. Even if plaintiffs did establish a genuine issue of material fact regarding whether Abner had exceeded the posted speed limit, they did not provide a causal connection between that conduct and the accident. *Randall*, 334 Mich App at 721. The trial court therefore erred by denying the city's motion for summary disposition.

For these reasons, I respectfully dissent and would reverse and remand for entry of summary disposition in favor of the city.

/s/ Mark T. Boonstra

---

[2] The majority's characterization of Abner's testimony as admitting "that she took no evasive action to attempt to avoid the collision" is a bit of a reach, in my opinion. Abner testified that she was not able to avoid the accident "because [she] didn't know it was happening when it happened" and specifically testified that she did not believe that she could have done anything to avoid the accident.